# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTOINE GORUM, a.k.a. RONALD CLARK,

    Plaintiff,

vs.

JAMES G. COX, et al.,

    Defendants.

Case No. 2:13-cv-01412-KJD-GWF

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a motion for a temporary restraining order (#4) and a civil rights complaint pursuant to 42 U.S.C. § 1983, among other documents.  The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction.  Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

    Plaintiff asks the court to order defendants not to transfer him either to Ely State Prison or to administrative segregation, in retaliation for commencing this action.  Prison officials may not transfer a prisoner in retaliation for filing a complaint.  "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals,

such as preserving institutional order and discipline." <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Plaintiff has not alleged any facts indicating that there are no legitimate penological goals for transferring him to administrative segregation or to Ely State Prison.[1] Plaintiff has not even alleged any facts in the motion that prison officials indeed will be transferring him to administrative segregation or to Ely State Prison. At best, plaintiff is speculating about both possibilities, and speculation is not enough for the court to grant extraordinary relief.

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (#4) is **DENIED**.

DATED: August 14, 2013.

KENT J. DAWSON
United States District Judge

---

[1] The complaint, including exhibits is a 181-page, rambling, repetitive narrative of plaintiff's experiences in prison. To the extent that the court can determine what plaintiff's claims are, legitimate penological reasons for transfers might exist, because plaintiff appears to be alleging that medical care and his personal safety are inadequate at his current prison.