# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE GORUM, a.k.a. RONALD CLARK, | Case No. 2:13-CV-01412-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| JAMES G. COX, et al., | |
| Defendants. | |

Before the Court is Plaintiff Antoine Gorum's Motion to Amend (#62) his Second Amended Complaint. Defendant Dulce Kabatay filed a response (#66). Also before the Court is Plaintiff's Motion for Temporary Restraining Order (#68), to which Defendant filed a response (#69).

<u>I. Background</u>

Plaintiff, who is in the custody of the Nevada Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 (#1). Later, Plaintiff filed an amended complaint (#24). The Court issued a screening order dismissing several claims and defendants (#53). Plaintiff filed a motion to correct the screening order (#55), but the Court denied Plaintiff's motion (#59). Plaintiff then filed the present motions.

<u>II. Analysis</u>

<u>A. Plaintiff's Motion to Amend</u>

Plaintiff requests leave to file a third amended complaint naming an additional defendant. Defendant does not oppose Plaintiff's motion, but requests that the Court screen the complaint

1  pursuant to 28 U.S.C. § 1915A(a).[1] Thus, good cause being found, the Court grants Plaintiff's
2  motion to amend.

### B. Plaintiff's Motion for Temporary Restraining Order

The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Thus, to receive a temporary restraining order, Plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) temporary restraining order is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (explaining the requirements of a preliminary injunction).

Plaintiff argues that he was moved to a different housing unit in retaliation for his civil suit, and asks that the Court order the prison to send him back to his old housing unit. The entirety of Plaintiff's argument states:

> [T]here is a plot to try and cause me to get hurt, certain co. and a caseworker really don't like me so they want to do what ever [sic] they can to see me get hurt or find away [sic] for me to receive a displinary [sic] report/before any of this take's [sic] place
>
> ….
>
> Also some of the defendant's [sic] that I had on my civil complaint that you dismiss [sic] are over here . . . Defendant Lieutenant Potter is over here. I don't want him retaliating on me.

#68, p. 1, 3. Plaintiff does not satisfy any of the foregoing requirements for a temporary restraining order. His assertions are entirely speculative. He does not offer factual support for his assertions. Plaintiff's request for a temporary restraining order is denied.

---

[1] In addition to his previous claim against Defendant, Plaintiff's third complaint alleges that "Dr. Du" knew of Plaintiff's high blood pressure problems, but took more than seventy days to get Plaintiff the necessary medication. Plaintiff asserts that, during that time, he experienced severe pain and was at risk of having a heart attack or stroke. Plaintiff has alleged a plausible claim that Dr. Du was deliberately indifferent to his serious medical needs. See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion to Amend (#62) his Second Amended Complaint is **GRANTED**. Defendant will have **sixty (60) days** to file a response to Plaintiff's Third Amended Complaint.

**IT IS FURTHER ORDERED** that:

1. Within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office must file a notice advising the Court and Plaintiff of whether it accepts service for Dr. Du.

2. If the Attorney General accepts service of process for Dr. Du, Defendants must file and serve an answer or other response to the third amended complaint within **sixty (60) days** from the date of this order.

3. If the Attorney General's Office cannot accept service, the Office must file, under seal, Dr. Du's full name and last known address if it has such information.

4. If service cannot be accepted for Dr. Du, Plaintiff must file a motion requesting issuance of a summons and specifying Dr. Du's full name and address.

5. Henceforth, Plaintiff must serve upon Dr. Du or, if an appearance has been entered by counsel, upon Dr. Du's attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Dr. Du or Dr. Du's counsel. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

3

1    **IT IS FINALLY ORDERED** that Plaintiff's Motion for Temporary Restraining Order
2    (#68) is **DENIED**.

4    DATED this __16th__ day of June 2015.

                                                Kent J. Dawson
                                                United States District Judge

4